OPINION
{¶ 1} Defendant-appellant Federal Insurance Company appeals from the December 12, 2002, and December 20, 2002, Judgment Entries of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 8, 1998, Daniel Mason, the decedent, was killed when the motorcycle he was operating was struck by an automobile operated by Janelle Brown. At the time of the accident, the decedent was operating his own motorcycle on personal business. The decedent was survived by his son, appellee Heath Mason, with whom he resided, and two sisters.
 {¶ 3} At the time of the accident, the decedent was employed by the Timken Company. The Timken Company was the named insured on an umbrella policy issued by appellant Federal Insurance Company with a liability limit of fifty million dollars. In addition, the Timken Company was the named insured on commercial automobile liability and commercial general liability (CGL) policies issued by American Foreign Insurance Company (AFIC) with liability limits of five million dollars each.
 {¶ 4} In 1999, appellee Heath Mason, who had been appointed Executor of his father's Estate, settled, in his capacity as Executor, with the tortfeasor's insurance company in the amount of $100,000.00, the tortfeasor's liability policy limits. Appellee Heath Mason executed a release of all claims against the tortfeasor.
 {¶ 5} Subsequently, on February 21, 2001, appellee Heath Mason, Individually and as Executor, filed a complaint for declaratory judgment against appellant Federal Insurance Company, among others, in the Stark County Court of Common Pleas. Appellee, in his complaint, sought underinsured motorist (UIM) coverage under the insurance policy that appellant Federal Insurance Company had issued to the Timken Company, the decedent's employer. Both appellee and appellant filed Motions for Summary Judgment.
 {¶ 6} As memorialized in a Judgment Entry filed on December 12, 2002, the trial court found that "[t]he Federal excess policy does extend coverage to Decedent and his estate and to Heath Mason in the limit amount of $50,000,000.00." Thereafter, on December 20, 2002, the trial court issued a Nunc Pro Tunc Judgment Entry adding Civ. R. 54(B) final appealable order language.
 {¶ 7} It is from the trial court's December 12, 2002, and December 20, 2002, Judgment Entries that appellant now appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court erred in finding that plaintiff-appellee (Estate of Daniel W. Mason) and heath mason are entitled to underinsured motorist coverage under federal's commercial umbrella liability policy no. 7973-29-18 issued to the timken company.
 {¶ 9} "II. The trial court erred in failing to issue an order declaring that federal's commercial umbrella liability policy is `excess of the total applicable limits of underlying insurance,' that federal's policy `will not apply until the insured or the insured's underlying insurer is obligted to pay' the full amount of the $5 million underlying limit of coverage, and that federal's policy would apply (if at all) only in excess of any `other insurance' provided by Motorists and/or American National Fire Insurance."
 STANDARD OF REVIEW {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 12} It is based upon this standard that we review appellant's assignments of error.
 I {¶ 13} Appellant, in its first assignment of error, argues that the trial court erred in finding that appellee Estate of Daniel W. Mason and Heath Mason are entitled to UIM coverage under the commercial umbrella policy that appellant issued to the Timken Company. We agree.
 {¶ 14} In the case sub judice, Daniel Mason, the decedent, was killed while operating his own motorcycle on personal business. The Ohio Supreme Court, in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256 recently held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment." Id. paragraph two of the syllabus. See also In re Uninsured and Underinsured Motorist CoverageCases, 100 Ohio St.3d 302, 2003-Ohio-5888.
 {¶ 15} Daniel Mason, the decedent, was not killed while in the course and scope of his employment with the Timken Company. Therefore, assuming, arguendo, that the umbrella policy provided UM/UIM coverage to the Timken Company by operation of law or otherwise, neither the decedent nor appellee would be an insured thereunder since there is no specific language in the umbrella policy to the contrary.
 {¶ 16} Appellant's first assignment of error is, therefore, sustained.
 II {¶ 17} Appellant, in its second assignment of error, argues that the trial court erred in failing to issue an order declaring that appellant's umbrella policy is "excess of the total applicable limits of underlying insurance" and that appellant's policy "will not apply until the insured or the insured's underlying insurer is obligated to pay" the full amount of the Five Million Dollar underlying limit of coverage.
 {¶ 18} Based on our analysis and disposition of appellant's first assignment of error, appellant's second assignment of error is moot.
 {¶ 19} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and judgment shall be entered in favor of appellant, Federal Insurance Company, on its motion for summary judgment regarding its umbrella/excess insurance policy issued to the Timken Company.
Edwards, J., Gwin, P.J. and Hoffman, J. concur.